UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

STEVE HALCOMB,              )
                            )
        Petitioner,          )
                            )
v.                          )    No. 2:11-cv-098-WTL-WGH
                            )
SUPERINTENDENT DICK BROWN,  )
                            )
        Respondent.          )

**Entry Discussing Petition for Writ of Habeas Corpus**

Steve Halcomb is entitled to the writ of habeas corpus he seeks with respect to the disciplinary proceeding he challenges only if the court finds that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because he has not made such a showing, his petition for a writ of habeas corpus must be **denied**.

**Background**

The pleadings and the expanded record in this action establish the following:

1.      Halcomb is confined at an Indiana prison. In a proceeding identified as No. WVS 11-01-0002, he was charged with committing battery. This charge was based on an incident which occurred during the afternoon of January 4, 2011, at the Wabash Valley Correctional Facility.

2.      Halcomb was provided with a copy of the charge and notified of his procedural rights in connection with the matter. A hearing was conducted on January 19, 2011. Halcomb was present at the hearing and made a statement. After considering this statement and the other evidence, including the staff reports, the incident report, and the "photos of offender," the hearing officer found Halcomb guilty of committing battery. He was then sanctioned.

3.      Halcomb's administrative appeals of the disciplinary proceeding were rejected.

4. Halcomb now contends that the disciplinary proceeding is tainted by constitutional error. Following the dismissal of certain claims pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts,* the remaining claims are that: 1) he did not receive 24 hours notice prior to his disciplinary hearing; and 2) he did not receive a fair hearing before an impartial decision maker.

## Discussion

When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Halcomb was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a hearing officer be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

AThe best way to conduct analysis under ' 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision.@ *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Halcomb received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Halcomb was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued sufficient statements of their findings, and (3) the hearing officer issued written reasons for the decisions and for the sanctions which were imposed.

Halcomb's =s arguments that he was denied the protections afforded by *Wolff* are refuted by the expanded record.

- As to the claim of inadequate notice, the conduct report was issued on January 4, 2011, Halcomb was given a copy of the conduct report and notified of his procedural rights in connection with the hearing on January 5, 2011, and the hearing was conducted on January 19, 2011. Even if Halcomb had only a few minutes notice prior to the hearing on the 19th, he already had two (2) weeks notice of the charge and of his rights.

- As to the second claim, due process entitled Halcomb to an impartial hearing officer, see *Ramirez v. Turner,* 991 F.2d 351, 355 (7th Cir. 1993); *Redding v. Fairman,* 717 F.2d 1105, 1112-13 (7th Cir. 1983). Recusal of the decision-maker is required only where the decision-maker has a direct personal or otherwise substantial involvement in the circumstances underlying the charges against the offender. Id., 717 F.2d at 1113 (citing *Rhodes v. Robinson*, 612 F.2d 766, 773 (3rd Cir. 1979)). Halcomb has failed to show the hearing officer's actual bias, or even any circumstances supporting a significant inference of bias. Vague allegations of past run-ins with a prison hearing officer are insufficient to impugn the officer's presumed impartiality. Additionally, Halcomb was entitled to an impartial decision-maker, not a decision-maker consisting of a multiple-member board.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Halcomb to the relief he seeks. *McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)(Aas long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent.@). Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 09/20/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana